**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MEGAN PERRY,<br>      Plaintiff,<br><br>v.<br><br>RAYMOND A. ROTH, *et al.*,<br>      Defendants. | Civil Action No.: 14-4785 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

  This matter comes before the Court by way of Defendant Elrac, LLC i/p/a Enterprise Rent-A-Car's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 and Local Federal Rule of Civil Procedure 56.1 (ECF No. 87). No party has submitted an opposition to said motion. The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants Defendant's Motion for Summary Judgment.

## I.   BACKGROUND[1]

Plaintiff is a New Jersey resident who was involved in a multi-vehicle accident on August 1, 2012. (SAC ¶ 15). On that date, Defendant Raymond Roth was one of the drivers who were involved in the accident. (SAC ¶ 16; Def. SMF ¶ 1). Defendant Roth was driving a vehicle which he had rented from Defendant Elrac. (Id.; Id.). However, Defendant Roth was in no way "acting as an agent, servant and/or employee of" Defendant Elrac. (Def. SMF ¶ 2).

## II.   LEGAL STANDARD

Summary judgment is appropriate when, drawing all reasonable inferences in the non-movant's favor, there exists no "genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "[T]he moving party must show that the non-moving party has failed to establish one or more essential elements of its case on which the non-moving party has the burden of proof at trial." *McCabe v. Ernst & Young, LLP*, 494 F.3d 418, 424 (3d Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

The Court must consider all facts and their reasonable inferences in the light most favorable to the non-moving party. *See Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995). If a reasonable juror could return a verdict for the non-moving party regarding material disputed

---

[1] These background facts are taken from the Defendant Elrac's statements of material facts, pursuant to Local Civil Rule 56.1. (ECF No. 87-2, Defendant Elrac's Rule 56.1 Statement of Facts ("Def. SMF")), as well as Plaintiff's Second Amended Complaint (ECF No. 42 ("SAC")). Additionally, the Court notes that since no opposition to Defendant's Motion has been submitted there are no disputes regarding the statements contained in Def. SMF. Accordingly, the Court treats the statements contained in Def. SMF as undisputed. *See* L. Civ. R. 56.1(a)("The opponent of summary judgment shall furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion; *any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion.*")(emphasis added).

factual issues, summary judgment is not appropriate. *See Anderson*, 477 U.S. at 242-43 ("At the summary judgment stage, the trial judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.").

### III. ANALYSIS

Plaintiff's claim against Defendant Elrac sounds in vicariously liability based off the theory of agency. (*See* SAC at 3-4). Under New Jersey law, the operator of a vehicle is presumed to be the owner. *See Harvey v. Craw*, 110 N.J. Super. 68, 73 (N.J. Super. App. Div. 1970); *see also New Jersey Citizens United v. Hernandez*, 2006 N.J. Super. Unpub. LEXIS 80, *6 (N.J. Super. App. Div. March 20, 2006). However, the owner-operator presumption is a rebuttable one. *Id.; Id.* The Court in *Harvey* resolved that the purported agency was "only [a] naked presumption of agency" and found that there was no agency relationship between the owner and driver since "[t]here was no family relationship present, nor any situation of regular employment. Nor was there any evidence from which the fact of agency could be inferred." *Harvey*, 110 N.J. Super. at 74.

Indeed, New Jersey Courts have long held that when there is no clear employee/employer relationship, nor any other form of agency relationship, the owner of the vehicle cannot be held vicariously liable. *See Schimek v. Gibb Truck Rental Agency*, 69 N.J. Super. 590 (N.J. Super. App. Div. 1961); *General Acci. Grp. Of Ins. Co. v. Liberty Mut. Ins. Co.*, 191 N.J. Super. 530, 535 (N.J. Super. App. Div. 1983). Courts in this District have also held, consistent with New Jersey law, "that it is well established in New Jersey that *ownership alone is insufficient to impose liability upon the owner of a vehicle for the alleged negligent operation of that vehicle by another.*" *Lebegern v. Forman*, 339 F. Supp. 2d 613, 626 (D.N.J. 2004)(Simandle, J)(citing *Schimek, supra*

3

at 642)(emphasis added). Thus, for an owner of a vehicle to be held vicariously liable for the conduct of a non-owner operator, there must be some form of agency relationship.

Here, the Court finds that summary judgment in favor of Defendant Elrac is appropriate. It is undisputed that Defendant Elrac was the owner of the vehicle driven by Defendant Roth on the day in question. Additionally, it is undisputed that Defendant Roth rented the vehicle from Defendant Elrac. Finally, it is undisputed that Defendant Roth had no familial, employment or other agency relationship with Defendant Elrac at the time of the accident. Therefore, Defendant Elrac cannot be held vicariously liable for Defendant Roth's conduct and Defendant Elrac is entitled to judgment in its favor as a matter of law.

## CONCLUSION

For the aforementioned reasons, Defendant's Motion for Summary Judgment is granted in its entirety and Plaintiff's complaint against Defendant Elrac only is hereby dismissed with prejudice. An appropriate Order accompanies this Opinion.

DATED: February 22, 2017

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE